# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        *Plaintiff,*

vs.                             Case No. 19-10137-EFM-02

ALFREDO REY,

        *Defendant.*

## MEMORANDUM AND ORDER

Before the Court is Defendant Alfredo Rey's Motion to Dismiss for Constitutional Speedy Trial Violations (Doc. 269). Rey seeks to have the United States' case against him dismissed due to the over two-year delay between his indictment and scheduled trial date. The Court held a hearing on Rey's motion on November 3, 2021. For the following reasons, the Court denies the motion.

## I.     Factual and Procedural Background

The government filed an indictment against Rey on October 9, 2019, following a two-year investigation into an alleged conspiracy to distribute methamphetamine. The government alleges Rey violated 21 U.S.C. § 846 by participating in a conspiracy to distribute methamphetamine, 21 U.S.C. § 843(b) by using a communication facility in facilitating the commission of felonies under the Controlled Substances Act, and 21 U.S.C. § 841(a)(1) by possessing methamphetamine with

intent to distribute.  The indictment further charged 13 additional co-conspirators with violations of various federal statutes stemming from the alleged conspiracy.

Rey was arrested on October 22, 2019, and had his initial appearance on October 23, 2019. On October 28, 2019, the Court held Rey's arraignment and detention hearing and ordered that Rey be detained pending trial.  On October 31, 2019, the Court entered its Pretrial and Criminal Case Management Order scheduling a status conference for December 16, 2019, and a jury trial for January 2, 2020.  Shortly thereafter, the Court entered its Amended Pretrial and Criminal Case Management Order scheduling a status conference for January 6, 2020, and a jury trial for January 21, 2020.

At the January 6 status conference, issues concerning discovery became apparent.  The government's two-year investigation into the alleged conspiracy covered Kansas and Missouri, as well as connections in Texas and Mexico.  Over the course of the investigation, the DEA obtained ten Title III interception authorizations, seven tracker warrants on automobiles, and twenty GPS warrants on telephones.  At the status conference, the government disclosed that it had approximately three terabytes of information to be disclosed to the defendants, including over 400 days of pole camera footage.  Further, there had been a delay in disclosing the discovery due to the hospitalization of the government's legal assistant.

To help alleviate some of these issues, defense counsel suggested that a Case Coordinating Attorney be appointed.  The parties and the Court also discussed the possible need to designate the case as complex.  At the conclusion of the conference, the government and the majority of the defendants, including Rey, agreed that a continuance and an additional status conference would assist in case management.  The Court therefore scheduled a status conference for February 14, 2020, and a new trial date of March 3, 2020.

On February 13, 2020, the government filed a motion to designate the case as a complex case. At the February 14 status conference, the parties again discussed the government's discovery efforts and agreed that monthly status conferences would assist the parties in coordinating discovery. On March 11, 2020, the Court granted the government's motion and designated the case as complex. Over the next year and a half, the Court held approximately one status conference per month. At each status conference, the defendants collectively requested more time to review the pole camera footage. Rey never objected to these continuances, nor asserted his right to a speedy trial. Finally, pending notice of near completion of the review of the pole camera footage, the Court set the defendants' motions deadline for September 13, 2021. At that time, Rey filed his now ripe Motion to Dismiss for Constitutional Speedy Trial Violations. Trial is scheduled in this case for December 14, 2021.

## II.    Legal Standard

"The Sixth Amendment guarantees all criminal defendants the right to a speedy trial."[1] "In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, a court must balance four factors: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant."[2] These factors must be considered as a whole and "[n]o one of the factors is necessary or sufficient to conclude a violation has occurred."[3] First, the court must consider the length of delay, which "functions as a triggering

---

[1] *United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009) (quoting *United States v. Yehling*, 456 F.3d 1236, 1243 (10th Cir. 2006) (alteration omitted)).

[2] *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

[3] *Id.* (citations omitted).

-3-

mechanism."[4]  Then, if the delay is sufficiently lengthy to be "presumptively prejudicial," the court must examine the remaining factors.[5]

### III.    Analysis

### A.    Length of Delay

The Court first looks to the length of the delay in this case.  "[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary [delay] from 'presumptively prejudicial' delay."[6]  Generally, a one-year delay is sufficient to trigger the presumption of prejudice.[7]  Rey was indicted 26 months before his scheduled trial date.  The delay in this case has therefore crossed the threshold from ordinary to "presumptively prejudicial."[8]

Having found that Rey has made this showing, the Court must next assess "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim."[9]  In so analyzing, the Court must consider the nature of the charges.[10]  The Tenth Circuit has held that "even a two-year interval between charges and trial may not be deemed a 'delay' when the charges are complex."[11]  Here, the government indicted 14 defendants following a two-

---

[4] *Id.* (quoting *Yehling*, 456 F.3d at 1243).

[5] *Id.* (quoting *Yehling*, 456 F.3d at 1243).

[6] *United States v. Seltzer*, 595 F.3d 1170, 1176 (10th Cir. 2010) (quoting *Doggett v. United States*, 505 U.S. 647, 651–52 (1992)).

[7] *United States v. Batie*, 433 F.3d 1286, 1290 (10th Cir. 2006) (citations omitted).

[8] *See Seltzer*, 595 F.3d at 1176.

[9] *Id.* (quoting *Doggett*, 505 U.S. at 652).

[10] *Id.* (citing *Barker*, 407 U.S. at 531).

[11] *United States v. Banks*, 761 F.3d 1163, 1182 (10th Cir. 2014) (quoting *Seltzer*, 595 F.3d at 1176).

year conspiracy investigation spanning multiple states.  The government produced three terabytes of information, including over 400 days' worth of pole camera footage.

Although this case is undoubtedly complex, the delay has been "twice the time presumed to be ordinary."[12]  Further, the Tenth Circuit has expressed its "sensitivity to the presumption of prejudice that attaches to delays greater than one year."[13] The Court therefore concludes that despite the complexity of the case, this factor still weighs in favor of Rey.

## B.    Reason for the Delay

"The second factor, the reason for the delay, is especially important . . . ."[14]  "Different weights should be assigned to different reasons."[15]  "[A] 'deliberate attempt' by the government to delay a trial to gain a tactical advantage over the defense will weigh 'heavily' against the government, a more 'neutral' explanation such as negligence, while weighted 'less heavily,' will nevertheless weigh against the government, and a 'valid reason' will 'justify an appropriate delay.' "[16]  Although the government bears the burden of providing an acceptable reason for the delay, "delays attributable to the defendant do not weigh against the government."[17]  Further, "where the defendant's actions were the primary cause of the delay, the second factor weighs heavily against him."[18]

---

[12] *Id.* at 1182–83 (quoting *Seltzer*, 595 F.3d at 1176).

[13] *Id.* at 1183.

[14] *Id.* (quoting *United States v. Larson*, 627 F.3d 1198, 1208 (10th Cir. 2010)).

[15] *United States v. Cone*, 310 F. App'x 212, 216 (10th Cir. 2008) (quoting *Barker*, 407 U.S. at 531) (alteration omitted).

[16] *Id.* at 216–17 (quoting *Barker*, 407 U.S. at 531 n. 32) (alteration omitted).

[17] *Banks*, 761 F.3d at 1183 (quoting *Larson*, 627 F.3d at 1208) (internal alterations omitted).

[18] *Id.* (quoting *Larson*, 627 F.3d at 1208) (internal alterations omitted).

Here, the parties dispute the reason for the delay.  Rey asserts that the case was delayed solely because of the government's collection of voluminous pole camera footage.  Although defendants requested continuances to review the discovery, Rey argues that this delay is not attributable to him because Rey's counsel was obligated to review the footage for potentially exculpatory evidence—an undertaking that took months of work coordinated by a team of paralegals.  Rey further argues that the government created a situation in which it would have been impossible for counsel to provide effective assistance within the constitutional speedy trial time frame.  Thus, Rey asserts that placing the burden for such a delay on defendants forces defendants into an impossible choice between their right to effective assistance of counsel and their right to a speedy trial.

In contrast, the government argues that the delay is entirely attributable to the defendants, including Rey, as the defendants repeatedly requested continuances in order to review discovery. The government argues that if it is to be held responsible for the delay, the factor should not weigh heavily against it because there is no evidence of bad faith, underhanded tactics, or improper motive in producing the discovery.  The government further argues that it notified all defendants, including Rey, of any times that the defendants appeared on the pole camera footage—thus arguing that the defendants did not need to review all 400-plus days of footage.

The Court finds Rey's argument extremely persuasive.  The Court agrees that the government's decision to install a pole camera and leave it running twenty-four hours per day, seven days per week for over a year placed Rey in the impossible position of choosing between two equally important Constitutional rights: his right to effective assistance of counsel and his right to a speedy trial.  The Court vehemently disagrees with the government's position that its disclosure of the times at which Rey appeared on the video negated Rey's need to review the

entirety of the footage.  Because defense counsel has a duty to investigate and discover potentially exculpatory evidence,[19] the government should have known that the defendants would need to review the entirety of the footage.

Further, the Court finds the facts of this case distinguishable from the facts of the cases cited by the government.  In *United States v. Banks*,[20] the Tenth Circuit attributed the entirety of a two-year delay to the defendants' requests for continuances to review discovery.[21]  In *Banks*, however, the defendants were charged with conducting a complex financial scheme over a seven-year period and involving 42 victim companies.[22]  Although discovery in *Banks* revealed at least 130 potential witnesses and thousands of pages of documents, the discovery collected appears proportional to the needs of the investigation.

Here, however, the government simply placed a pole camera and left it running continuously for over 400 days—only to later decide that it would use no part of the footage in its case-in-chief.  The Court finds the collection of approximately 10,000 hours of footage in a two-year drug conspiracy investigation far less reasonable than the disclosure of thousands of pages of documents and 130 witnesses in a seven-year financial scheme involving 42 victim companies.  Although defendants requested the continuances in this case, the government should have known

---

[19] *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (noting that a defendant who pleaded guilty could allege ineffective assistance of counsel for "failure to investigate or discover potentially exculpatory evidence"); *see also Fisher v. Gibson*, 282 F.3d 1283, 1296 (10th Cir. 2002) ("Counsel has a duty to investigate all reasonable lines of defense, or make reasonable determinations that such investigation is not necessary.") (citing *Strickland v. Washington*, 466 U.S. 688, 691 (1984)).

[20] 761 F.3d 1163 (10th Cir. 2014).

[21] *Id.* at 1183.

[22] *Id.* at 1177–78.

the unreasonable burden it placed on defendants by recording over 400 days' worth of pole camera footage. The government is therefore at least partially responsible for the delay in this case.

Despite this clear oversight by the government, there is no evidence that the government recorded and produced the pole camera footage with the intention of causing delay or gaining a tactical advantage over defendants. At worst, the delay is attributable to decisions made prior to the prosecution of the case. The Court therefore concludes that this delay was caused by mere negligence on the part of the government, and thus, the delay must weigh "less heavily" against it. The second factor slightly favors Rey.

## C.    Rey's Assertion of the Right

"The third factor, a defendant's assertion of his speedy trial right, is also given strong evidentiary weight."[23] "[T]his factor weighs against a defendant who requests continuances and waits for months to assert his speedy trial right."[24] Here, Rey waited twenty-three months to assert his speedy trial right. Rey did not assert his speedy trial right until he filed his now-pending motion to dismiss the government's charges against him. At no point did Rey object to the numerous continuances granted in this case so that discovery could be reviewed. Even recognizing Rey's predicament in wanting to ensure that discovery was fully reviewed before going to trial, Rey's delay in assertion of his right weighs heavily against him.

---

[23] *Id.* at 1183 (quoting *Larson*, 627 F.3d at 1208).

[24] *Id.* (quoting *Larson*, 627 F.3d at 1208).

D.      **Prejudice to Rey**

Finally, Rey bears the burden of showing he was prejudiced by the delay.[25]  In evaluating prejudice, courts must "consider the three interests the speedy trial right was designed to protect: (1) prevention of oppressive pretrial incarceration, (2) minimization of the accused's anxiety and concern, and (3) minimization of the possibility that a delay will hinder the defense."[26]  Here, Rey has been incarcerated for over two years pending the resolution of his case.  Rey asserts that his incarceration has caused him tremendous anxiety, citing the global COVID-19 pandemic and confusion over the delay in proceedings.

Although the Court agrees that the first factor weighs heavily in favor of Rey,[27] generally a defendant must demonstrate some "special harm suffered which distinguishes his case from that of any other arrestee awaiting trial."[28]  Thus, "conclusory references to the anxiety and distress that purportedly are intrinsic to incarceration are not sufficient to demonstrate particularized prejudice."[29]  Here, Rey has shown no special harm distinguishing his anxiety and distress from that common to other defendants awaiting trial.  Further, the Tenth Circuit has held that hindrance to the accused's defense is "the most important consideration to a finding of prejudice,"[30] but Rey

---

[25] *Id.* (citing *Larson*, 627 F.3d at 1208–09).

[26] *Toombs*, 574 F.3d at 1275 (citing *Barker*, 407 U.S. at 532).

[27] *See Seltzer*, 595 F.3d at 1180 ("[P]rolonged pretrial incarceration is a well-established type of prejudice that a defendant may rely upon in making a Sixth Amendment speedy trial claim.").

[28] *United States v. Margheim*, 770 F.3d 1312, 1330 (10th Cir. 2014) (quoting *United States v. Dirden*, 38 F.3d 1131, 1138 (10th Cir. 1994)).

[29] *Larson*, 627 F.3d at 1211.

[30] *Id.* at 1210.

has not shown that his defense has been impaired as a result of the delay.  Because Rey has not shown prejudice as a result of the delay, the Court concludes that this factor favors the government.

In summary, the two-year delay in this case favors Rey.  Further, the reason for the delay slightly favors Rey.  Critically, however, Rey's failure to assert his speedy trial right and his failure to show prejudice strongly favor the government.  The Court therefore concludes that Rey's constitutional speedy trial right was not violated.

**IT IS THEREFORE ORDERED** that Alfredo Rey's Motion to Dismiss for Constitutional Speedy Trial Violations (Doc. 269) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of November, 2021.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE