# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

UNITED STATES OF AMERICA,
       **Plaintiff,**

  v.               **CASE NO. 19-10137-02-EFM**

ALFREDO REY,
         **Defendant.**

## MEMORANDUM AND ORDER

Defendant Alfredo Rey brought this Motion to Determine Competency pursuant to 18 U.S.C. § 4241(a). Defendant was examined by a Forensic Psychologist at the Bureau of Prisons Federal Medical Center in Lexington, Kentucky and by Wichita Forensic Psychologist Jarrod S. Steffan, Ph.D. Dr. Steffan found him competent to stand trial. The Court held a hearing on the matter on November 14, 2022. The defendant did not offer evidence regarding his competency. After reviewing Dr. Steffan's report, the Court finds him to be competent to stand trial.

## Background

The defendant stands charged, by a Superseding Indictment (Doc. 72) with conspiracy to distribute methamphetamine, use of a communication facility to facilitate the distribution of methamphetamine, and possession, with the intent to distribute methamphetamine.  On December 2, 2021, Rey's attorney brought a motion to determine defendant's mental competency to stand trial pursuant to 18 U S.C. § 4241(a). The Court ordered that Rey be committed to the custody of the Attorney General for a psychological evaluation. Rey was transferred to the Federal Medical Center in Lexington, Kentucky, where he was examined by Haley Wentowski, Psy.D. On May 4, 2022, the Court filed Dr. Wentowski's evaluation of Rey in which she opined that "Mr. Rey exaggerated his intellectual deficits and feigned memory impairment throughout the evaluation period." She further commented that "Mr. Rey's presentation prevented this evaluator from fully assessing what knowledge he does possess about this case and legal concepts." Ultimately, Dr. Wentowski's found that "Mr. Rey is experiencing intellectual limitations, but he also exaggerated these limitations and feigned memory impairment. Individuals with a mild intellectual disability, like Mr. Rey, generally possess the requisite abilities to competently proceed with their case. However, should a formal demonstration of these concepts be required for a finding of competency, it is recommended Mr. Rey undergo another 4241(b) competency evaluation in which he is forthcoming with the information he possesses."

Because the Court found this evaluation unhelpful, and at the request of the defense, a second evaluation was ordered with Wichita Forensic Psychologist Jarrod S. Steffan,

Ph.D. (Doc. 388).  Dr. Steffan evaluated Rey and reported his results to the Court. (Doc. 390).

Dr. Steffan noted that Rey was calm and cooperative, participated in the examination procedures and evidenced no mental confusion, disorientation, dissociation, or trouble focusing on the examination procedures. He understood testing instructions without any need for repetition, clarification, or simplification and his manner of completing the tasks showed he understood. He described Rey's thought process as organized and goal-directed and revealed no indications of formal thought disorder associated with psychosis, such as loosening of associations flight of ideas, thought blocking, thought derailment, or thought disorganization.

Mr. Rey was administered the Inventory of Legal Knowledge (ILK) and Test of Memory Malingering (TOMM). Dr. Steffan's testing showed that while the defendant portrayed himself as incompetent to stand trial, Rey possessed accurate knowledge of the legal system, exhibited the capacity to learn legal information and was suggestive of verbal intelligence sufficient to comprehend is legal situation and pending federal court proceedings. Dr. Steffan's conclusion was that the defendant is competent to stand trial opining that he "is not suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

## Legal Standards

A defendant must prove mental incompetency to stand trial by a preponderance of the evidence. *See Allen v. Mullin*, 368 F.3d 1220, 1239 (10th Cir. 2004) ("A substantive

competency claim, on the other hand, requires the higher standard of proof of incompetency by a preponderance of the evidence."); *United States v. Sanchez-Gonzalez*, 109 F. App'x 287, 290 (10th Cir. 2004). "[T]he Government may presume the defendant is competent and require him to shoulder the burden of proving his incompetence by a preponderance of the evidence." *Id.* at 290. A competency determination is factual rather than legal. *United States v. Mackovich*, 209 F.3d 1227, 1232 (10th Cir. 2000). In determining competency, the court "'may rely on a number of factors, including medical opinion and the court's observation of the defendant.'" *United States v. Boigegrain*, 155 F.3d 1181, 1189 (10th Cir. 1998) (quoting *United States v. Nichols*, 56 F.3d 403, 411 (2d Cir. 1995)).

The Court held a hearing on November 14, 2022. The defendant did not offer evidence regarding his competency. The Court therefore, adopts the opinion of Dr Steffan and accordingly finds that the defendant, Alfredo Rey, competent to stand trial.

**IT IS SO ORDERED.**

Dated this 29th day of November, 2022.


Honorable Eric F. Melgren
Chief United States District Court Judge